FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jan 23, 2024

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>    v.<br><br>LUIS OSVALDO HERNANDEZ,<br><br>                Defendant. | NO. 1:22-CR-02088-SAB-1<br><br>**ORDER DENYING MOTION TO DISMISS** |

    Before the Court is Defendant's Motion to Dismiss Case, ECF No. 66. A hearing on the motion was held on December 19, 2023. Defendant was present out of custody and was represented by Jennifer Barnes. The United States was represented by Christopher Bridger.

    Defendant asks the Court to dismiss the Indictment pursuant to Fed. R. Cr. P. 12(b)(1). He asserts the statute under which he is charged, 18 U.S.C. § 922(g)(1) is unconstitutional both facially and as applied to the facts of his case. Defendant relies on the recent United States Supreme Court case of *New York State Rifle & Pistol Ass'n v. Bruen*[1] to argue that the newly adopted narrowed "text and tradition" approach to the Second Amendment's scope mandates that the crime set forth in § 922(g)(1), that is, being a felon in possession of a firearm or ammunition,

---

[1] 597 U.S. 1 (2022).

**ORDER DENYING MOTION TO DISMISS** ~ 1

is unconstitutional. Because his possession of ammunition comes within the Second Amendment's plain text, he asserts his conduct is presumptively protected under the Second Amendment.

The United States assert that § 922(g)(1) remains good law, and nothing in *Bruen* warrants dismissal of the Indictment. It argues Ninth Circuit precedent, specifically *United States v. Vongxay*, 594 F.3d 1111 (9th Cir. 2010) recognizes that felons are categorically different from individuals who have a fundamental right to bear arms. For the reasons stated below, the Court denies Defendant's motion.

**Motion Standard**

Fed. R. Cr. P. 12(b) states: "A party may raise by pretrial motion any defense, objection, or request that the court can determine without a trial on the merits." Fed. R. Cr. P. 12(b). Dismissal is warranted if an indictment sought under a statute that is unconstitutional on its face or applied. *United States v. Lopez*, 514 U.S. 549 (1995); *United States v. Mayer*, 503 F.3d 740, 747 (9th Cir. 2007).

***New York State Rifle & Pistol Ass'n v. Bruen***

In *New York State Rifle & Pistol Ass'n v. Bruen*, the U.S. Supreme Court established a new test to determine whether a firearm regulation comports with the Second Amendment. 597 U.S. 1 (2022).[2] First, courts must ask whether "the Second Amendment's plain text covers an individual's conduct." *Id.* at 24. If it does not, then the firearm regulation is categorically unprotected, the statute is

---

[2]Prior to *Bruen*, the Ninth Circuit applied a two-step approach: it would "(1) determine whether the challenged law affects conduct historically protected by the Second Amendment; and (2) if so, apply varying levels of scrutiny to review the constitutionality of the arms regulation, depending on how close the conduct affected by the law lay to the 'core' of the Second Amendment right to 'keep and bear arms.'" *Teter v. Lopez*, 76 F.4th 938, 947 (9th Cir. 2023) (citations omitted).

**ORDER DENYING MOTION TO DISMISS** ~ 2

valid, and no further analysis is necessary. *Id.* If the Second Amendment's text covers the conduct at issue, the conduct is considered presumptively protected. Court must then determine whether the government has met its burden to justify its regulation by demonstrating that it is consistent with this Nation's historical tradition of firearm regulation. *Id.* If a firearm regulation is consistent with historical tradition, the individual's conduct falls outside the Second Amendment's protections and the statute is constitutional. *Id.*

### U.S. Supreme Court dicta

In *District of Columbia v. Heller*, the U.S. Supreme Court considered the constitutionality of a Washington D.C. ban on handgun possession within the home for the purposes of self-defense. 554 U.S. 570 (2008). In holding the ban was unconstitutional, the U.S. Supreme Court noted that "nothing in our opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms and the mentally ill" although it did not explain why this was so. *Id.* at 626.

In *McDonald v. City of Chicago*, the U.S. Supreme Court held that the right to keep and bear arms applies to the States under the Due Process Clause. 561 U.S. 742, 759 (2010). In so doing, it cited to *Heller* and noted that its holding "did not cast doubt on longstanding regulatory measures, such as the 'prohibitions on the possession of firearms by felons," but again failed to explain why. *Id.* at 786 ("We repeat those assurances here. Despite municipal respondents' doomsday proclamations, incorporation does not imperil every law regulating firearms.").

Finally, in *Bruen,* Justice Kavenaugh and Chief Justice Roberts cited to *Heller* and *McDonald* to reiterate that nothing in the *Bruen* opinion should be taken to case doubt on longstanding prohibitions on the possession of firearms by felons and the mentally ill. 597 U.S. at 81.

### United States v. Vongxay

*United States v. Vongxay* was issued after the *Heller* opinion. 594 F.3d 1111 (9th Cir. 2010). It held that nothing in *Heller* can be read legitimately to cast doubt

**ORDER DENYING MOTION TO DISMISS** ~ 3

on the constitutionality of § 922(g)(1). *Id.* at 1114. It noted that the right secured by the Second Amendment is not unlimited and recognized longstanding prohibitions on the possession of firearms by felons and the mentally ill, laws forbidding the carrying of firearms in sensitive places such as schools and government buildings, and laws imposing conditions and qualifications on the commercial sale of arms. *Id.* at 1117. It held that felons are categorically different from the individuals who have a fundamental right to bear arms. *Id.* "Thus, there appears to be a consensus that, even given the Second Amendment's individual right to bear arms, felons' Second Amendment rights can be reasonably restricted."

Importantly, however, is that *Vongxay* relied on *United States v. Younger*,[3] which held that the Second Amendment did not give individuals the right to bear arms. *Younger* was later invalidated by *Heller*. Even so, the Ninth Circuit in *Vongxay* concluded that it was still bound by *Younger*.

### *Teter v. Lopez* (9th Cir.)

In *Teter v. Lopez*, at issue before the Ninth Circuit was whether Hawaii's statute that made it a misdemeanor to knowingly manufacture, sell, transfer, or possess a butterfly knife, with no exceptions, was prohibited by the Second Amendment. *Teter v. Lopez*, 76 4th 938, 942 (9th Cir. 2023). In answering this question, the Ninth Circuit applied the test set forth in *Bruen*, finding first that bladed weapons facially constitute "arms" within the meaning of the Second Amendment. *Id.* at 949. It concluded that because the plain text of the Second Amendment includes bladed weapons, which also includes butterfly knives, the Second Amendment "presumptively guarantees keeping and bearing such instruments for self-defense." *Id.* (quotation omitted). It then required Hawaii to show that the statute at issue was consistent with this Nation's historical tradition of regulating weapons. *Id.* at 950.

---

[3] 398 F.3d 1179, 1192 (9th Cir. 2005).

**ORDER DENYING MOTION TO DISMISS** ~ 4

The Ninth Circuit agreed that the statute purportedly addressed a general societal problem of easily concealable, foldable knives being used in crimes which was a problem that had persisted since the 18th century. *Id.* But, it noted that Hawaii failed to provide any analogues where Congress or any state legislature imposed an outright ban on the possession of pocketknives to remedy this problem "near 1791 or 1868." Instead, the record showed that earlier generations addressed the societal problem of knife violence through other means than outright bands on certain types of pocketknives. As such, the statute violated the Second Amendment.

### ***Baird v. Bonta* (9th Cir.)**

In *Baird v. Bonta*, the plaintiffs challenged the California licensing regime that effectively established a statewide ban on openly carrying handguns by ordinary law-abiding Californians. 81 F.4th 1036, 1039 (9th Cir. 2023). In finding the district court applied an incorrect standard in ruling on a motion for preliminary injunction, the Ninth Circuit noted the correct test was set forth in *Bruen*, that is, "if the Second Amendment's plain test covers the regulated conduct, the regulation will stand only if the government can affirmatively prove that its firearm regulation is part of the historical tradition that delimits the outer bounds of the right to keep and bear arms in the United States." *Id.* at 1043 (quotation omitted). It recognized that the *Bruen* standard for identifying a closely analogous historical regulation is a demanding one and requires court to pay close attention to the enforcement and impact of various regulations. *Id*. at 1047. In doing so, the Circuit cites to *Atkinson v. Garland,* 70 4th 1018 (7th Cir. 2023) (remanding case challenging constitutionality of 18 U.S.C. 922(g) to district court to conduct a complete historical analysis); *United States v. Daniels*, 77 4th 337, 348 (5th Cir. 2023) (finding 18 U.S.C. § 922(g)(3), which bans an individual from possessing a firearm if they are an "unlawful user" of a controlled substance, unconstitutional), and *Range v. Atty. Gen.*, 69 F.4th 96, 98 (3d Cir. 2023) (holding that despite the

**ORDER DENYING MOTION TO DISMISS** ~ 5

defendant's false statement conviction, he remained among "the people" protected by the Second Amendment and finding § 922(g) unconstitutional because the Government did not carry its burden of showing that the Nation's history and tradition of firearm regulation supports disarming a non-violent felon.)

### Analysis

As an initial matter, the Court concludes that it can no longer rely on *Vongxay* to answer the question as to whether § 922(g)(1) is constitutional. First, the opinion rests on *Younger*, an opinion that it is at odds with U.S. Supreme Court precedent. Second, the Ninth Circuit in *Vongxay* relied on other circuit court cases that had applied the means-end scrutiny, which the U.S. Supreme Court rejected in *Bruen*. Third, in *Vongxay*, the Ninth Circuit acknowledged the historical question regarding felon disbarment had not been definitively resolved, citing to a law review article that argued that bans on felon gun possession are neither long-standing nor supported by common law in the founding era. Finally, the more recent Ninth Circuit cases of *Teter* and *Baird* suggest the Ninth Circuit would apply *Bruen* to challenges to 18 U.S.C. § 922.

This does not resolve the issue, however, because the U.S. Supreme Court continues to instruct that the Second Amendment jurisprudence either does not apply nor does not invalidate longstanding prohibitions on the possession of firearms and ammunition by felons. *See supra*. The Court believes it is bound by these directives from the U.S. Supreme Court. *See Valladolid v. Pacific Operations Offshore, LLP*, 604 F.3d 1126, 1131 (9th Cir. 2010). As such, Defendant's Motion to Dismiss is denied.

//
//
//
//
//

**ORDER DENYING MOTION TO DISMISS** ~ 6

Accordingly, **IT IS HEREBY ORDERED:**

1. Defendant's Motion to Dismiss, ECF No. 66, is **DENIED**.

2. A pretrial conference is **set** for **February 14, 2024**, at **9:00 a.m.**, in **Yakima**, Washington.

3. Pursuant to 18 U.S.C. § 3161(h)(D)(A), the time between November 13, 2023, the date the motion was filed, until February 14, 2024, the date of the status hearing, is DECLARED EXCLUDABLE for purposes of computing time under the Speedy Trial Act. The Court finds that the ends of justice served by such a continuance outweigh the public's and Defendants' interest in a speedy trial

**IT IS SO ORDERED**. The District Court Executive is hereby directed to enter this Order and furnish copies to counsel.

**DATED** this 23rd day of January 2024.



Stanley A. Bastian
Chief United States District Judge

**ORDER DENYING MOTION TO DISMISS** ~ 7